### BOARD OF EDUCATION OF CITY OF MINNEAPOLIS v. HAROLD J. SAND.[1]

November 26, 1948.

No. 34,720.

---

[1]Reported in 34 N. W. (2d) 689.

*Drake & Drake,* for appellant.

*John F. Bonner,* City Attorney, and *Charles A. Sawyer,* Assistant City Attorney, for respondent.

PETERSON, JUSTICE.

This is an action for a declaratory judgment determining defendant's status as an employe so far as concerns teacher tenure under the teacher tenure act (M. S. A. 130.22 to 130.32). Plaintiff claimed that defendant's status at the date of the commencement of the

action, September 4, 1945, was that of a probationary high school classroom teacher who had not acquired teacher tenure rights. Defendant claimed threefold tenure rights, viz.: (1) As a high school classroom teacher under employment by plaintiff as such from 1934 to 1940; (2) as administrative assistant to the superintendent of schools from 1940 to 1943; and (3) as a high school classroom teacher by employment beginning in September 1943. Defendant also claimed that plaintiff in September 1943 in effect denied him his tenure rights as administrative assistant to the superintendent of schools and demoted him therefrom by assigning him to employment as a high school classroom teacher. The trial court found and decided that defendant had acquired high school classroom teacher tenure rights under his employment from 1934 to 1940; that he abandoned those rights in 1941 by accepting full-time employment as administrative assistant to the superintendent; that, because the position of administrative assistant to the superintendent was not subject to teacher tenure, he acquired no tenure rights to that position; that, while he had not at the commencement of the action acquired tenure rights by his employment as a classroom teacher beginning in September 1943, he had done so at the time of trial; and that he had high school classroom teacher tenure rights under his employment as such teacher beginning and subsequent to September 1943. Defendant appeals.

The questions for decision are:

(1) Whether teacher tenure rights may be acquired to the position of administrative assistant to the superintendent of schools, the duties of which include no classroom teaching and which involve research and statistical work incidental to school administration by the superintendent with little or no superintending or supervising of classroom instruction;

(2) Whether a classroom teacher having teacher tenure rights abandons those rights by accepting employment of an administrative nature in the office of the superintendent of schools, where the parties did not manifest an express intention that such employment involved an abandonment of teacher tenure rights as a classroom

teacher and the practice of the employer school board had been to recognize that under such circumstances the employe's tenure rights were preserved; and

(3) Whether a school board is estopped from denying that an employe acquired tenure rights in a nontenure position by conduct indicating that the position is subject to tenure and that the employe was entitled to tenure rights therein upon requisite duration of his employment therein.

■ Some facts appear without dispute. The others we shall accept as found by the trial court. The record is a voluminous one, consisting of almost 1,100 pages of testimony and numerous exhibits. The trial court's findings are comprehensive, accurate, and fair. For us to undertake a detailed statement and discussion of the evidence would extend the opinion to unreasonable length. It is sufficient to say that the evidence not only sustains the findings, but also that in their most controversial aspects defendant's extrajudicial statements and conduct tend in large degree to support them. This is as far as we need go. Our function as an appellate court does not require us to discuss and review in detail the evidence for the purpose of demonstrating that it supports the trial court's findings, and our duty is performed when we consider all the evidence and determine that it reasonably supports them. Maust v. Maust, 222 Minn. 135, 23 N. W. (2d) 537; Meiners v. Kennedy, 221 Minn. 6, 20 N. W. (2d) 539; 1 Dunnell, Dig. & Supp. § 414.

The facts will be stated only so far as here pertinent. In 1934, defendant was employed by plaintiff as a probationary junior high school classroom teacher at a salary of $170 per month. He was reëmployed in the years 1935, 1936, and 1937. By reëmployment in 1937 he acquired teacher tenure rights under § 130.24.

In September 1940, there was a change in the nature of defendant's work, upon which he predicates a claim of tenure rights, to the position of administrative assistant to the superintendent of schools. From September 1940 to September 1941, his employment was half-time as a classroom high school teacher and half-time in the administrative offices of plaintiff doing statistical and research work.

From June 16 to August 8, 1941, he taught in summer school. Beginning in September 1941, he devoted all his time to the work in the superintendent's office and was given the title of "research assistant" and an increase in salary to $260 per month. In January 1942, he was assigned to the position of "administrative assistant to the superintendent" of schools at a salary of $315 per month, and he continued in that position until it was abolished in September 1943. Defendant accepted these positions without express qualification, condition, reservation, or mention of the tenure rights he then had as a high school classroom teacher. Plaintiff, in effect, admitted in its reply below and in its brief and argument here that its practice under such circumstances has been to recognize that the tenure rights of a classroom teacher assigned to administrative work in the superintendent's office were preserved, and that pursuant to such practice numerous classroom teachers have accepted assignments to administrative work.

In neither the position of "research assistant" nor that of "administrative assistant to the superintendent" did defendant perform any services as a classroom teacher. He did little or no work in superintending or supervising classroom instruction.

While there may have been some differences between the duties of "research assistant" and "administrative assistant to the superintendent of schools," we shall assume for purposes of decision that, except for differences in titles and compensation, the two positions were substantially the same in order to afford defendant a basis for his claim of having acquired tenure under § 130.24 by three consecutive years of employment in those positions, followed by reëmployment afterward as a classroom teacher. The work in both positions was administrative in nature and involved, as has been said, no classroom teaching. The work consisted of research and statistical studies incidental to school administration; the handling of contracts with the state department of education; transacting business with such state officials as the state superintendent of instruction, the attorney general, the state auditor, and the like; administering teaching personnel, including the handling of contracts, applications

for positions as teachers, correspondence, and similar matters; and school participation in war activities. While there is a finding that defendant did little or no superintending or supervising of classroom instruction, the evidence shows that whatever superintending and supervising thereof there was consisted not of direct superintendence and supervision of classroom instruction, but of work relating and incidental to school administration as such by the superintendent.

When the position of administrative assistant to the superintendent was abolished in September 1943, defendant requested assignment to his former duties "in instructional and curriculum research" under the direction of the assistant superintendent in charge of secondary schools, or to some comparable position where he could best serve. Presumably, he meant by that to the position of administrative assistant to the superintendent or one equivalent thereto. Instead, he was assigned to high school classroom teaching, in which he continued thereafter. At the time of trial, the duration of his service was such as to entitle him to tenure rights as a high school classroom teacher, which the trial court held he had acquired.

■ The teacher tenure act applies only in cities of the first class (§ 130.23), to which the city of Minneapolis belongs. Those entitled to the benefit of the act are teachers as defined in § 130.22, subd. 2, and certain other persons therein enumerated. This section reads:

"The term 'teacher' includes every person regularly employed, as a principal, or to give instruction in a classroom, or to superintend or supervise classroom instruction, or as placement teacher and visiting teacher. Persons regularly employed as counselors and school librarians shall be covered by these sections as teachers if certificated as teachers or as school librarians."

At the outset, it appears that defendant was not employed as a principal, a person giving classroom instruction, a placement teacher, a visiting teacher, a counselor, or a librarian. His alleged right to tenure, therefore, is made to depend upon whether he was regularly employed to superintend or supervise classroom instruc-

tion. In passing upon this question we shall assume, without so deciding, that his employment in the superintendent's office during the school years beginning in 1940, 1941, and 1942 was the equivalent of the probationary period required by § 130.23, even though during the year 1940-1941 he devoted only one-half of his time to such employment, and that his employment as a classroom teacher in the school year beginning in 1943 and the years thereafter entitled him to tenure under the act if the position of "administrative assistant to the superintendent" was one subject to tenure rights.

It is elementary that the enumeration in § 130.22, subd. 2, of those entitled to the benefits of the teacher tenure act is exclusive. School employes not enumerated among those entitled to tenure are excluded. Brintle v. Board of Education, 43 Cal. App. (2d) 84, 110 P. (2d) 440 (assistant to supervisor of educational research) ; Work v. Central U. H. School Dist. 6 Cal. App. (2d) 626, 44 P. (2d) 1047 (principal performing administrative work exclusively and no classroom teaching). The position of administrative assistant to the superintendent of schools is not expressly enumerated in the teacher tenure act and is not, therefore, one subject to tenure rights, unless it can be said that the person holding the position is a person regularly employed within the meaning of the act to superintend or supervise classroom instruction. Defendant contends that, while he performed no work in classrooms and the work he performed was largely of an administrative nature, a substantial part of it "related" to the planning of courses of instruction and curricula and to the preparation of rules and procedures governing classroom instruction and supervision, and that, because that was true, he was entitled to tenure.

The rules governing decision here were settled in Eelkema v. Board of Education, 215 Minn. 590, 11 N. W. (2d) 76, where, in holding that a superintendent of schools is not entitled to tenure, we pointed out that the statutory classification of those included as entitled to tenure and those excluded as not entitled thereto was based upon the nature of their services and their relation to the school board; that, accordingly, a distinction was drawn between

the superintendents on the one hand, as employes or officers whose relation to the school board is in effect that of "business manager" and whose services consist not of classroom teaching, or supervising or superintending it, but of administration of school matters, and, on the other hand, principals, classroom teachers, and the others there enumerated, whose relation to the school board is in no sense that of a manager and whose services consist of classroom teaching and either supervising or superintending it; and that upon that basis superintendents were excluded from tenure rights and the others were included as entitled thereto. We there pointed out that the words "superintend" and "supervise" in the phrase "person regularly employed * * * to superintend or supervise classroom instruction" do not refer to the superintendent or his duties, but rather to classroom instruction. We said (215 Minn. 594, 11 N. W. [2d] 78):

"* * * The word 'superintend' as used in the phrase 'superintend or supervise class-room instruction' in the tenure act is plainly used solely in connection with the phrase 'class-room instruction' and not with reference to the broad duties and responsibilities of a superintendent of schools. Its sense is very like that of 'supervise,' which follows it. A superintendent of schools may be said to superintend class-room instruction, but that is a small part of his duties and responsibilities. He would never be designated as a 'superintendent of class-room instruction.'"

A part partakes of the nature of the whole. Defendant's work as administrative assistant to the superintendent having been part of and incidental to the work of the superintendent, it partook of the nature of that work; it was administrative in the same sense that the superintendent's work was. And, because the superintendent was not engaged in superintending or supervising classroom instruction, his administrative assistant in performing the work of the superintendent was not so engaged either. It follows, therefore, that defendant was not entitled to tenure as a person regularly employed to superintend or supervise classroom instruction.

■ Defendant contends that, regardless of the definition of "teacher" in § 130.22, subd. 2, and the enumeration therein of those entitled to the benefits of the teacher tenure act, he is a "teacher" as defined in other statutes relating to school matters, and that those statutes evince a legislative intent that the word "teacher" shall be construed to have the same meaning in the teacher tenure act. Reliance is placed upon the doctrine that statutes *in pari materia* shall be construed together as part of a harmonious system of law governing the subject matter to which they relate. See, Mlenek v. Fleming, 224 Minn. 38, 27 N. W. (2d) 800; State ex rel. Interstate, etc., v. M.-St. P. M. A. Comm. 223 Minn. 175, 25 N. W. (2d) 718; 6 Dunnell, Dig. & Supp. § 8984. The rule invoked is a wholesome and useful one. Its purpose is to aid the court to ascertain the legislative intent where it is in doubt. But the rule obviously has its limits. Resort may be had to other statutes to solve, but not to create, ambiguity. State ex rel. Morrison County Agr. Assn. v. Iverson, 120 Minn. 247, 139 N. W. 498. Provision may be made in a particular statute for the definition of terms therein employed. Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 293 N. W. 619. Where a particular statute contains provisions defining its terms, "No mere collation of other statutes can be decisive in determining" what that meaning is. United States v. Stewart, 311 U. S. 60, 69, 61 S. Ct. 102, 108, 85 L. ed. 40, 48. Here, we think that the definition of "teacher" in § 130.22, subd. 2, is exclusive of other statutory definitions; and that resort to other statutes is not justified, for the reason that to do so would result in a definition of the word different from that which the legislature has enacted.

■ While one entitled to tenure rights may abandon them, whether he does so in a particular case depends upon his intention with respect to the matter. Hosford v. Board of Education, 201 Minn. 1, 275 N. W. 81. Absent manifestation of intention to abandon tenure rights, acceptance by a classroom teacher from the school authority employing him of work involving the performance of administrative duties to the exclusion of classroom teaching does not constitute abandonment of his tenure rights. As said in Houtz v.

Coraopolis Borough School Dist. 357 Pa. 621, 625, 55 A. (2d) 375, 377:

"Performance by appellee of administrative and supervisory duties to the exclusion of classroom teaching, cannot be held to constitute an abandonment of rights under a Tenure contract 'to teach'."

Here, there was not only no express manifestation of intention to abandon tenure rights, but some evidence of intention to preserve them. The uniform practice of plaintiff under similar circumstances of recognizing tenure rights as being in force compels an inference that in the instant case defendant also should have the benefit of the practice. Hence, it follows that defendant did not lose the tenure rights he had at the time he entered upon his employment in the superintendent's office.

■ Plaintiff is not estopped by its conduct to deny that defendant acquired tenure rights to the nontenure position of administrative assistant to the superintendent. The estoppel here asserted is what is known as estoppel by misrepresentation. See, Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; 31 C. J. S., Estoppel, § 59. In effect, defendant's contention is that, regardless of whether tenure rights attach by law to the position in question, he nevertheless acquired such rights because plaintiff represented that the position was subject to tenure. While the state and its political subdivisions may be estopped in certain cases the same as an individual, the application of estoppel is strictly limited to purely proprietary matters and generally is not applied to matters involving questions of governmental power or the exercise thereof. Muehring v. School Dist. No. 31, 224 Minn. 432, 28 N. W. (2d) 655. School boards and school districts have only such powers as are granted by statute. Teacher tenure is the creature of statute, and no one can have a valid claim to tenure except as authorized by statute. Estoppel cannot be invoked to confer upon a political subdivision of the state governmental power otherwise lacking. Wall v. County of Monroe, 103 U. S. 74, 26 L. ed. 430; Los Angeles Dredging Co. v. City of Long Beach, 210 Cal. 348, 291 P. 839, 71 A. L. R. 161; State ex rel. Nuveen

v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298. See, State ex rel. City of St. Paul v. Minnesota Transfer Ry. Co. 80 Minn. 108, 83 N. W. 32, 50 L. R. A. 656. Since the statute does not provide that a person employed as administrative assistant to the superintendent of schools shall have tenure rights in such position, plaintiff cannot be estopped to deny the existence of such rights with respect to such position. As applied here, such an estoppel would enable plaintiff to supply by its own action power not granted by statute—to pull itself up, so to speak, by its own bootstraps. Consequently, we conclude that plaintiff is not estopped here.

Our conclusion is that the decision below was in all respects correct, except as it holds that defendant, by accepting employment in the superintendent's office and performing administrative duties exclusive of classroom teaching, abandoned the teacher tenure rights he then had as a high school classroom teacher, and that the decision should be modified so as to award defendant such tenure rights.

Modified in accordance with opinion.

