**In the Matter of the Demotion of Paul DILLENBERGER.**

No. C0–92–53.

Court of Appeals of Minnesota.

June 2, 1992.

Jerrold F. Bergfalk, Daniel J. Sheran, Lindquist & Vennum, Minneapolis, for relator Dillenberger.

Eric J. Magnuson, Dennis O'Brien, Laura T. Booth, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent school district.

Considered and decided by HUSPENI, P.J., and FORSBERG, and PETERSON, JJ.

## OPINION

HUSPENI, Judge.

Relator, a tenured teacher, challenges his demotion and reassignment by respondent school board. We affirm.

## FACTS

Since 1972, relator Paul Dillenberger has been employed by respondent Special School District No. 1 ("school district"). Dillenberger is licensed in secondary education, but does not hold elementary licensure. In July 1989, Dillenberger was promoted from middle school math teacher to elementary math coordinator. As elementary math coordinator, Dillenberger spent approximately forty percent of his time in classroom instruction. His remaining time was spent developing curriculum and instructing teachers of grades kindergarten through sixth in teaching techniques.

In June of 1991, the school district informed Dillenberger that it was discontinuing his position as elementary math coordinator due to financial limitations and that he would be demoted to middle school mathematics teacher. Dillenberger challenged his demotion and sought to use his tenure rights to "bump" into the position of coordinator of Chapter I curriculum ("Chapter I"). The school district appointed an independent hearing examiner to take evidence on the issues of the discontinuance of the elementary math coordinator position and on Dillenberger's demotion. After a full evidentiary hearing, the examiner recommended that the position of elementary math coordinator be discontinued and that Dillenberger be permitted to "bump" into the Chapter I position.

The school board voted to reject the hearing examiner's findings of fact, conclusions of law, and recommendations, and adopted alternative findings of fact and conclusions of law prepared by the school district's

attorney. The school board concluded that the hearing examiner did not have authority to decide reassignment issues and that Dillenberger was not qualified for the Chapter I position. The school board discontinued the position of elementary math coordinator and demoted Dillenberger to middle school math teacher.

Dillenberger challenges the school board's decision by writ of certiorari. After briefing by the parties, this court granted Dillenberger's motion to expand the record to include the video tape of the proceedings before the school board and deferred decision on the school district's motion to strike portions of Dillenberger's appendix and brief until resolution of this case on the merits.

### ISSUES

1. Did the school board err in adopting alternative findings of fact and conclusions of law?

2. Did the school board err in concluding that the hearing examiner did not have authority to determine Dillenberger's right to the Chapter I position?

3. Did the school board err in concluding that Dillenberger was not qualified for the Chapter I position?

4. Should this court strike portions of Dillenberger's brief and appendix?

### ANALYSIS

1. Dillenberger claims that the school board acted improperly when it rejected, without discussion, the independent hearing examiner's findings of fact, conclusions of law, and recommendation. We disagree.

> The law does not require a school board to follow the recommended decision of the hearing officer. It is within the school board's discretion to reach a different decision, subject, of course, to the right of judicial review.

*Beste v. Independent Sch. Dist. No. 697,* 398 N.W.2d 58, 63 (Minn.App.1986) (citations omitted).

However, "a hearing examiner's report and recommendations should not be summarily rejected." *Id.* The decision of a school board will be reversed where "the determination represents the [board's] will and not its judgment." *Id.* This court has explained:

> When an agency rejects or significantly deviates from the hearing examiner's findings and does not explain its reasons for doing so on the record, it evidences the agency's desire to exercise its will and not its judgment.

*Id.* Thus, a school board must specify its reasons for rejecting a hearing examiner's findings. *In re Proposed Immediate Discharge of Etienne,* 460 N.W.2d 109, 112 (Minn.App.1990), *pet. for rev. denied* (Minn. Nov. 7, 1990).

In reaching its decision, the school board had available not only the hearing examiner's findings, conclusions, and recommendations and the alternative findings, conclusions, and decision prepared by the district's attorney, but also all exhibits and the transcript of the entire hearing.

The alternative findings of fact and conclusions of law adopted by the school board set out specific reasons for rejecting the hearing examiner's findings. They state that the hearing examiner exceeded her authority in deciding issues arising under the collective bargaining agreement, that the proceeding was not a proper forum for determining "bumping" rights, and that Dillenberger was not qualified for the Chapter I position. These specific reasons for rejecting the hearing examiner's findings demonstrate that the school board exercised its judgment and not its will. *See Beste,* 398 N.W.2d at 63. The school board's alternative findings, together with the record as compiled by the hearing examiner, establish "sufficient evidence in the record to allow this court to consider whether the decision [of the board] is supported by substantial evidence." *In re Proposed Placement of Hagen,* 465 N.W.2d 707, 710–11 (Minn.App.1991), *pet. for rev. denied* (Minn. Apr. 18, 1991).

2. Dillenberger claims the school board's finding that the hearing examiner exceeded her authority when she interpret-

ed the language of the collective bargaining agreement is based upon an error of law. We do not agree.

The Minnesota Supreme Court has held: Under the standard of review currently applicable, a school board determination will be reversed when it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law. *Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 675 (Minn.1990).

Under Minnesota Statues section 125.17, subdivision 4(5), "[a] teacher is entitled to a hearing on discontinuance of position." *State ex rel. Haak v. Board of Educ. of Indep. Sch. Dist. No. 625,* 367 N.W.2d 461, 467 (Minn.1985); Minn.Stat. § 125.17, subd. 4(5) (Supp.1991). However, "[t]he statute is silent regarding a hearing for reassignment of a teacher whose position has been discontinued." *Haak,* 367 N.W.2d at 467. Therefore, we must look to the language of the collective bargaining agreement to determine Dillenberger's right to a hearing.

The collective bargaining agreement in this matter provides that "any controversy arising over the interpretation of or adherence to the terms and provisions of this Agreement" shall be resolved according to a set grievance procedure. This procedure provides that if a dispute cannot be resolved between the parties, the dispute must be submitted to an arbitrator. Thus, the clear language of the agreement prohibits the school board, or a hearing examiner appointed by the school board, from deciding disputes arising under the agreement.[1]

Dillenberger cites several Minnesota cases in which school boards or hearing examiners have addressed reassignment disputes arising under collective bargaining agreements. *E.g., id.* at 466; *Krug v. Independent Sch. Dist. No. 16,* 293 N.W.2d 26, 31 (Minn.1980); *In re Proposed Placement on Unrequested Leave of Nelson,* 416 N.W.2d 848, 851 (Minn.App.1987), *pet. for rev. denied* (Minn. Mar. 18, 1988). However, these cases did not address the narrow issue of whether a school board or hearing examiner appointed by a school board may properly resolve reassignment disputes where the collective bargaining agreement itself provides an exclusive mechanism for resolving such disputes.[2] In the absence of an overriding statute, the parties' negotiated contract provides the mechanism for resolving reassignment disputes. In this case, the agreement provides that such disputes must be determined by an arbitrator. Therefore, we conclude that here neither the school board nor the hearing examiner appointed by the school board has authority to decide whether Dillenberger is entitled to the Chapter I position.

■ 3. Because we have determined that the school board does not have the authority to resolve reassignment disputes arising under the collective bargaining agreement, we need not address the issue of whether the school board erred in concluding that Dillenberger was not qualified for the Chapter I position. However, were we to find that the school board had authority to resolve such disputes, we would conclude that the record contains substantial evidence to support the school board's conclusion. *See Dokmo,* 459 N.W.2d at 675.

---

1. Article XIV of the collective bargaining agreement provides in pertinent part:

   It is agreed that "departments" for purposes of this Article, are those listed in Appendix B to this Agreement and that an employee whose position is eliminated in any department may not claim another position in another department pursuant to this Article.

   Because the parties dispute whether Chapter I is or is not in the same department as Dillenberger's former position, the determination of the school board that the hearing examiner exceeded her jurisdiction in determining Dillenberger's

"bumping" rights is supported by the language of the collective bargaining agreement.

2. The *Haak* court noted that the record before it was not complete because "[t]he 'prior Agreement' referred to in the 1981–83 Master Contract is not part of the record here. * * * Disagreement [on the scope of the hearing] is largely the cause of the inadequate record before us." *Haak v. Board of Educ. of Indep. Sch. Dist. No. 625,* 367 N.W.2d 461, 466, 467. The *Haak* court remanded for development of a more complete record. *Id.* at 466.

Minnesota Rule 3510.8200 (1991) provides:

> Supervisory and consultive personnel: includes elementary and secondary school * * * coordinators and others with similar functions or levels of responsibility. Supervisory and consultive personnel in the elementary and secondary schools, not licensed under other specific rules for personnel with such levels of responsibility in particular areas, *shall hold a license based upon major work in the area where licensure is sought.*

(Emphasis added.)

The Chapter I coordinator position is specifically designed to address the needs of students in kindergarten through third grades. It is undisputed that Dillenberger does not hold elementary licensure. It is also undisputed that each of the four other Chapter I positions in the district is filled by a person who does hold elementary licensure.

Dillenberger claims that he is qualified for the Chapter I position because his experience as an elementary math coordinator "included 'teaching' K–3 teachers on how to teach math and presenting workshops to teachers of grades K–3." However, the school district interprets rule 3510.8200 as requiring the holder of the Chapter I position to hold elementary licensure. Such interpretation is reasonable. Indeed, the collective bargaining agreement provides that "the terms 'licensed' and 'qualified' are not synonymous." Thus, while Dillenberger's experience may be useful to a Chapter I coordinator, it does not necessarily satisfy the school district's requirements.

Dillenberger presented a letter from George B. Droubie of the Minnesota Department of Education to the hearing examiner, in which Droubie asserts that rule 3510.8200 does not apply to Chapter I positions. Droubie did not testify before the hearing examiner, and his interpretation of rule 3510.8200 was not subject to cross examination. While Droubie's interpretation may be reasonable, it is not binding on the school board. *See Dokmo,* 459 N.W.2d at 675.

■ 4. The district moved that the Droubie letter and all references to it should be stricken from Dillenberger's brief and appendix because the letter was submitted to the hearing examiner after the close of evidence. We decline to strike.

This court must limit its review to matters on the record on appeal. *See Mitterhauser v. Mitterhauser,* 399 N.W.2d 664, 667 (Minn.App.1987); Minn.R.Civ.App.P. 110.01. However, the record is not limited to the evidence submitted at the hearing. Rather, "[t]he 'record' for judicial review must be the 'proceedings' and actions of the board." *Dokmo,* 459 N.W.2d at 676. At oral arguments, the district's attorney conceded that the Droubie letter was before the school board at the time it reached its decision. Therefore, the letter is part of the record for review. *See id.*

## DECISION

The school board did not err in rejecting the hearing examiner's findings after placing its reasons for rejection on the record. The school board did not err in finding that the collective bargaining agreement provided an exclusive mechanism for resolving reassignment disputes and that the hearing examiner did not have authority to resolve such disputes. Finally, the Droubie letter is properly part of the record on review.

Affirmed.