[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was employed by the Plymouth Board of Education as a teacher, who held an non-administrative position of "Library Media Specialist." The plaintiff was certified as a librarian and because of his contractual obligation was also certified as an administrator. He, nonetheless, was a classroom teacher and was a member of the teachers bargaining union. In September 1991, after proper notice, the defendant terminated the plaintiff's employment after eliminating the position of library media specialist for financial reasons. In accordance with the terms of his contract, the plaintiff was unable to displace any less senior teacher and claims that he should be entitled to "bump" one of the systems four less senior administrators. The defendant disagrees with the plaintiff's position and after a hearing dismissed the plaintiff. The plaintiff has appealed to this court claiming he was denied the right to displace a less senior administrator and that he was denied due process since he was not able to submit a written brief at the dismissal hearing.
The critical issue in this appeal is whether a teacher certified as an administrator has the right, as the plaintiff claims, to "bump" a less senior administrator. The plaintiff, CT Page 7506 in support of his position cites the case of Connecticut Education Association v. State Board of Labor Relations, 5 Conn. App. 253
in which our Appellate Court upheld the right of an administrator to "bump" a teacher on the theory that teachers and administrators were one class for bumping purposes. The plaintiff argues, that although the instant case involves the reverse fact scenario, that is, an attempt by a teacher to "bump" an administrator, that the reasoning adopted in that case would equally apply here and that the instant case is a mere extension of CEA v. SBLR, supra. This court does not agree. The plaintiff further argues that teachers should be able to bump administrators if they comply with the provisions of the administrators contract's "Reduction in Force" provisions and if the teacher is qualified for the job. There was no evidence that the plaintiff was, in fact, qualified for the administrative position he sought, other than the fact he possessed an administrators certificate. Under Article IX of the administrators contract, which was set forth in the plaintiff's brief, provides — "Bumping shall be permitted only into a position of lower responsibility as defined by salary category." The plaintiff testified at the dismissal hearing that he believed his salary to be lower than any salary in the administrators unit. (R-Tr (12) at 41). In any event, the plaintiff has cited no authority in this jurisdiction or any other which would permit this rather unique theory of "reverse bumping." The Supreme Court of Minnesota has held that "reassignment rights cannot be applied to `bump' into a `higher' position" in the case of Haak v. Board of Education of Ind. School District, 367 N.W.2d 461. In that case the Minnesota court held that the "Imposition of reassignment rights to promotional positions would be unduly disruptive of managerial discretion." Id. at 461 This court finds the plaintiff's position on this issue unpersuasive.
Finally, the plaintiff argues that he was deprived of "due process" since he was not permitted to file a brief at the dismissal hearing. The plaintiff was represented by counsel at that hearing and counsel could have submitted a "trial" brief at that hearing, which apparently he elected not to do. In addition, counsel was permitted to present oral argument at that hearing which, in fact, he did. That the defendant would not adjourn the dismissal hearing and reschedule it so as to permit the plaintiff another opportunity to reargue his case in writing is not a denial of "due process." "Requests for continuance invoke the discretionary authority of the adjudicating tribunal." Concerned Citizens of Sterling, Inc. v. Conn. Siting Council, 215 Conn. 474, 485. The action of the tribunal was not arbitrary and the plaintiff's due process was not violated.
For the reasons stated above, the court shall dismiss the CT Page 7507 plaintiff's appeal.
PELLEGRINO, J.