Patricia MURPHY, Relator,

v.

ST. PAUL PUBLIC SCHOOLS, INDE-
PENDENT SCHOOL DISTRICT
NO. 625, Respondent.

No. A10–1272.

Court of Appeals of Minnesota.

March 1, 2011.

Marshall H. Tanick, Teresa J. Ayling, Mansfield, Tanick & Cohen, P.A., Minneapolis, MN, for relator.

Jeffrey G. Lalla, General Counsel Independent School District No. 625, St. Paul, MN, for respondent.

Joseph E. Flynn, Jennifer K. Earley, Knutson, Flynn & Deans, P.A., Mendota Heights, MN, for amicus curiae Minnesota School Boards Association.

Considered and decided by MINGE, Presiding Judge; KALITOWSKI, Judge; and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Relator Patricia Murphy seeks review of the decision by Independent School Dis-

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

trict No. 625 to assign her to an assistant-principal position from a principal position. Murphy argues that the assignment constituted a demotion, and that the District's failure to provide her with notice and a hearing violated the Teacher Tenure Act. Because we conclude that Murphy's assignment to an assistant-principal position from a principal position constituted a demotion, we reverse and remand.

## FACTS

Independent School District No. 625 hired Patricia Murphy as a teacher on special assignment in September 2002. She was promoted to assistant principal in August 2004, and then to principal of Arlington Senior High School in Saint Paul for the 2005–06 through 2009–10 school years. Facing a budget deficit of $27.2 million for the 2011 fiscal year, the District closed Arlington Senior High School and assigned Murphy to an assistant-principal position at Como Park Senior High School. Additionally, the District reassigned other principals, closed Longfellow Elementary School and Roosevelt Elementary School, and merged or co-located eight other schools.

Murphy informed the District that she would not accept an assistant-principal position, but was willing to accept a position as principal on special assignment or co-principal. The district superintendent sent Murphy a letter stating that Murphy would not be placed as a principal and that she could only use the titles "administrator" or "assistant principal" because "[a]ny other title in a school leads to ambiguity around who the building leader is." Later, another letter from the district superinten-

Minn. Const. art. VI, § 10.

dent described Murphy's new duties as an assistant principal and directed Murphy to report to Como Park Senior High to commence employment in her "assigned position of Assistant Principal." The letter also stated that Murphy would retain her rank and compensation as a principal.

Murphy seeks review of the District's decision to assign her to an assistant-principal position from a principal position, arguing that the assignment constitutes a demotion and that the District violated the Teacher Tenure Act by failing to provide her with notice and a hearing before she was demoted. Murphy also argues that her seniority and principal tenure status entitled her to a principal position within the District. The District responds that Murphy's assignment to an assistant-principal position does not constitute a demotion because Murphy did not suffer a reduction in salary or compensation and she retained her seniority and rank as a principal.

## ISSUE

Did the District demote Murphy by assigning her to an assistant-principal position from a principal position?

## ANALYSIS

 A reviewing court will reverse a school district's determination "when it is fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law." *Dokmo v. Indep. Sch. Dist. No. 11,* 459 N.W.2d 671, 675 (Minn.1990). If a reviewing court determines that the school district "has acted upon an erroneous theory of law, the court should remand the proceedings with directions to proceed under a correct theory and should not itself attempt to decide the case on the merits." *Frisk v. Bd. of Ed. of City of Duluth,* 246 Minn. 366, 381, 75 N.W.2d 504, 514 (1956).

Whether Murphy was "demoted" under the Teacher Tenure Act, Minn.Stat. § 122A.41 (2010), is a matter of law reviewed de novo. *See Frye v. Indep. Sch. Dist. No. 625,* 494 N.W.2d 466, 468 (Minn. 1992) (interpreting defined statutory term "teacher" as matter of law).

In Minnesota, teachers who achieve tenure status under the act are entitled to notice and a hearing before discharge or demotion. Minn.Stat. § 122A.41, subd. 7. The act applies to "teachers" of public schools located in first-class cities (cities with more than 100,000 residents). *Id., subd.* 2; *see* Minn.Stat. § 410.01 (2010) (defining cities of the first class). The public schools of Independent School District No. 625 are located in Saint Paul, which is a first-class city. Also, a principal is considered a "teacher" under the act. Minn.Stat. § 122A.41, subd. 1(a) (defining teacher). The act's notice and hearing requirements, therefore, are applicable to Murphy because she was a tenured principal working at a public school in Saint Paul when the District assigned her to an assistant-principal position.

The fundamental question before this court invokes application of Minn.Stat. § 122A.41, subd. 1(c), which defines the word "demote" to mean "to reduce in rank or to transfer to a lower branch of the service or to a position carrying a lower salary or compensation." Murphy alleges that the definition is disjunctive and, therefore, only one of the three enumerated actions needs to be demonstrated. We agree.

Murphy, joining the first two disjunctives, argues that her assignment to an assistant-principal position from a principal position was a reduction in rank or a transfer to a lower branch of service because she is now subordinate to the principal of Como Park Senior High School and has fewer responsibilities. She also ar-

gues that despite maintaining a principal rate of pay, because the position of an assistant principal is paid according to a lower salary schedule than the position of a principal, she has been transferred to a position carrying a lower salary or compensation. These arguments are persuasive.

■ Turning first to Murphy's claim that assignment from a principal position to an assistant-principal position constitutes a reduction in rank or a transfer to a lower branch of the service, we note that the precise issue of whether the assignment from a principal position to an assistant-principal position constitutes a demotion is one of first impression in Minnesota.[1] There is closely analogous Minnesota caselaw, however, that provides this court with guidance. In determining whether a new position was a "promotional" position, defined as a position occupying "a higher place, rank, and standing," the supreme court in *State ex rel. Haak v. Bd. of Educ. of Indep. Sch. Dist. No. 625, St. Paul,* stated that the focus should be on the differences between the old and new positions. 367 N.W.2d 461, 466–67 (Minn.1985). The court suggested comparing "the placement of the position[s] within the overall organizational structure; the functions and responsibilities of the position[s], considering both how old duties are expanded or contracted and whether new duties are added; and the qualifications needed to carry out the responsibilities of the position[s]." *Id.* "The inquiry is, of course, concerned with substance, not form." *Id.* at 467. The ap-

proach the supreme court identified for determining whether a position is higher in rank than another position is, we believe, also applicable in determining whether a new position is a reduction in rank from an old position. *Haak,* therefore, provides the appropriate framework for analyzing whether Murphy's assignment to assistant principal constituted a reduction in rank or a transfer to a lower branch of the service.

The District argues that Murphy has not been reduced in rank or transferred to a lower branch of the service because she retains her official rank, standing, and seniority of principal within the school district's employment. In making this argument, the District relies on *State ex rel. Ging v. Bd. of Educ.,* in which the supreme court defined "position" to mean a teacher's "relative place, rank, or standing in the school system" in determining whether a teacher's position was discontinued. 213 Minn. 550, 585–86, 7 N.W.2d 544, 562–63 (1942). *Ging,* however, did not address the term "position" in the context of determining whether a teacher had been demoted to a lower-ranking position. *Id.* at 580–85, 7 N.W.2d at 560–62. Further, *Foesch v. Indep. Sch. Dist. No. 646* overruled *Ging* as being antiquated to the extent that it classified teachers into "primary, intermediate, and grammar divisions." 300 Minn. 478, 484–85, 223 N.W.2d 371, 374–75 (1974). Thus, *Ging* provides little, if any, guidance in determining whether Murphy's assignment to an assistant principal position was a reduction in rank or a transfer to a lower branch of service.

1. Although there is caselaw characterizing the assignment from a principal position to an assistant-principal position as a demotion, the precise issue of whether it was a demotion was not determined on the merits in those cases. *See McManus v. Indep. Sch. Dist. No. 625,* 321 N.W.2d 891, 891–92 (Minn.1982) (stating that appellant was demoted from principal to assistant principal after principal position was eliminated due to declining enrollment); *Sweeney v. Special Sch. Dist. No. 1, Minneapolis,* 368 N.W.2d 288, 290 (Minn. App.1985) (stating that respondents were demoted from principal positions to assistant-principal positions).

The District, in urging that application of the factors set out in *Haak* support the conclusion that Murphy has not been demoted, argues that Murphy's duties and responsibilities as an assistant principal are more closely aligned with those of a principal than with those of an assistant principal. We cannot agree.

As an assistant principal, Murphy was assigned the duties set forth in the generic job description for assistant principals, in addition to nine other duties described in a letter from the district superintendent. The general duties of an assistant principal include assisting the principal in creating an inclusive learning environment, evaluating staff, selecting prospective staff, and budgeting. An assistant principal reports to the school principal, is responsible for daily school operations, supervises the bus safety program, and shares responsibilities with the principal in the areas of curriculum, assessment, and instruction.

The additional duties assigned to Murphy require her to "provide instructional leadership and guidance in the implementation of: (1) professional learning communities; (2) staff supervision and evaluation; (3) curriculum management; (4) program evaluation and assessment; (5) program development; (6) strategic priorities and goals; (7) development of a shared vision, including the identification of factors critical to achievement; (8) allocation of resources to instruction; and (9) positive school behavior model(s)."

As a principal, however, Murphy had considerably more discretion and authority than she would have as an assistant principal. The general description of the duties for a principal includes leading the school's staff, students, and educational programs, defining priorities, setting school goals and expectations, managing curriculum, evaluating teachers, allocating resources, and serving as instructional leader.

Based on these facts, a clear reading of the unambiguous language in Minn.Stat. § 122A.41, subd. 1(c), defining "demote," and application of the *Haak* factors, we conclude that Murphy was demoted. Murphy's assignment to an assistant principal position from a principal position is a lower placement within the overall organizational structure because she now reports to a principal; she has less responsibility because she is no longer a building leader; her old duties have been contracted from discretionary to advisory, with no new substantial duties added; and the qualifications required to be eligible for an assistant-principal position are less than those required for a principal position. *See Haak*, 367 N.W.2d at 466–67 (stating factors to consider). Not surprisingly, assistant-principal duties are less focused on leading and more focused on assisting. Thus, Murphy has suffered a reduction in rank or a transfer to a lower branch of the service, which constitutes a demotion under Minn.Stat. § 122A.41, subd. 1(c).

■ Having decided that Murphy suffered a reduction in rank or a transfer to a lower branch of service when she was assigned to an assistant-principal position, we need not address whether that assignment also entailed a transfer to a position carrying a lower salary or compensation. *See* Minn.Stat. § 122A.41, subd. 1(c) (stating disjunctive definition of "demote"). Nonetheless, in attempting to analyze as fully as possible the issues presented here, we do conclude that the third disjunctive defining "demote" was also satisfied. There is no question that Murphy continued to receive the salary accorded a principal, and that she retained her official rank and status. The actual position to which Murphy was assigned, however, was one carrying a lower salary or compensation. The statute focuses on the salary or compensation for "a position," not the salary

actually paid to the individual in the position. *Id.*

■ We have determined that Murphy was demoted. That determination triggers additional procedures. We must decide the role of this court in speaking to those possible procedures. Murphy claims that because her seniority and principal-tenure status are superior to other employees currently holding principal positions within the district, she is entitled to reassignment to a principal position. She asks us to issue an order directing the board of education to assign her to a principal position within the district. A reviewing court, however, does not make findings of fact. *Haak*, 367 N.W.2d at 465. Additionally, it would be inappropriate to direct the board of education to assign Murphy a principal position because the act "must not be construed ... to impair the right of a school board to determine policy in the administration of school affairs, or to transfer from school boards to teachers and courts the management, supervision and control of school systems." *Frye*, 494 N.W.2d at 467–68. Because resolution of Murphy's remaining claims involves potential fact issues and is more appropriately determined by the board of education, we remand to the Saint Paul board of education to proceed under a correct theory of law and in a manner not inconsistent with this opinion or the act. *See Frisk*, 246 Minn. at 381, 75 N.W.2d at 514 (requiring remand upon determination that school district acted under erroneous theory of law).

■ We believe a final comment is in order. Both the District and amicus curiae have presented strong arguments regarding the public policy rationale of the act. The District correctly reminds this court that the act must be applied in a way that protects teachers from arbitrary demotions and discharges without impairing the rights of school boards to administer the school system without transferring to teachers and courts the management, supervision and control of school systems. *See Frye*, 494 N.W.2d at 467–68 (recognizing right of school board to manage school system). Amicus curiae stresses that "there is a great need for public schools to retain the inherent managerial authority to determine the assignment of their employees for purposes of efficiently operating the educational services provided." It argues that "[i]f schools are subject to challenge for every teacher reassignment decision because the teacher believes the assigned duties are beneath his or her present position, the public school system would not be able to manage its resources effectively." We have given serious consideration to these arguments, and are not insensitive to the complexities of managing a large school district employing many teachers. Further, we recognize that the act does not impair the discretionary power of the District to make decisions in the best interests of the public good. *McSherry v. City of St. Paul*, 202 Minn. 102, 108, 277 N.W. 541, 544 (1938). The District's conduct, however, "is strictly circumscribed and must be kept within the boundaries of the act." *Id.* To that end, the act entitled Murphy to notice and a hearing before being demoted. *See* Minn. Stat. § 122A.41, subd. 7 (entitling teachers to notice and hearing before demotion). The District violated the clear and unambiguous language of the act when it demoted Murphy without following the procedures required by the act. Finally, we note without further comment that perhaps the arguments made by the District and amicus curiae are more appropriately directed to the legislature, which has the power to modify the act, rather than to the judiciary, which is charged with applying the law as it is currently written. *See Int'l*

*Bhd. of Ele. Workers, Local No. 292 v. City of St. Cloud,* 765 N.W.2d 64, 68 (Minn.2009) (stating duty of court is to apply laws as written by the legislature).

## DECISION

We reverse the school district's determination that Murphy was not demoted and remand for further proceedings not inconsistent with this opinion or the Minnesota Teacher Tenure Act.

**Reversed and remanded.**