**Robert O. SWEENEY, et al.,
Respondents,**

v.

**SPECIAL SCHOOL DISTRICT NO. 1,
MINNEAPOLIS, Minnesota,
Appellant.**

**No. C2–84–1689.**

Court of Appeals of Minnesota.

May 21, 1985.

Frederick E. Finch, Kathleen A. Hughes, Minneapolis, for appellant.

Joseph T. Dixon, Jr., Sara McKenzie, Minneapolis, for respondents.

Heard, considered and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

Special School District No. 1 appeals the trial court's ruling that it is enjoined from demoting respondents pending notice and hearing. The school district also appeals the award to respondents of back pay and reasonable attorney fees. Affirmed in part and remanded.

## FACTS

The five respondents are employed by appellant Special School District No. 1. Each had been employed by the District for at least fifteen years before the 1981–82 school year and each held the position of principal or assistant principal in 1981–82.

Effective August 1982, pursuant to Board action of the Minneapolis School District, each of the respondents was demoted from the position of principal to assistant principal or from assistant principal to teacher.

In deciding which principals to demote, the district followed the provisions of the collective bargaining agreement with the Minneapolis Principals' Forum, the principals' certified bargaining representative.

That bargaining agreement provided that discharge in the event of lack of position or pupils, would be based on seniority in one of the job classifications covered by the agreement. The agreement, however, expressly reserved any rights created by the Cities of the First Class Tenure Act, Minn. Stat. § 125.17 (1982).

The demotions were made according to seniority provisions set forth in the bargaining agreement. The school district did not provide the respondents with written notice nor did it hold a hearing. The only written notice the school district sent respondents was dated July 18, 1982 from Deputy Superintendent Phillips, advising respondents of their new assignments for 1982–83, which were demotions.

The respondents have been repromoted and served as principals for the 1983–84 school year.

## ISSUES

1. Did the trial court err in ruling that respondents' demotions violated Minn.Stat. § 125.17, subds. 3 and 5, in that they did not receive adequate written notice of and opportunity for full hearing?

2. Did the trial court err in ruling that respondents' demotions violated Minn.Stat. § 125.17, subd. 11, in that they were not in accord with the inverse order of employment within the school district?

3. Did the trial court err in ruling that respondents' demotions violated due process and 42 U.S.C. § 1983?

4. Did the trial court err in the amount of attorney fees awarded under 42 U.S.C. § 1988?

## ANALYSIS

1. Minn.Stat. § 125.17, subd. 1(a), defines "teacher" as " * * * every person regularly employed, as a principal, or to give instruction in a classroom, * * *." Respondents were all regularly employed assistant principals and principals and therefore fit the definition of "teacher" protected by the Teacher Tenure Act.

Minn.Stat. § 125.17, subd. 3, provides that after the probationary period:

 * * * such teachers as are thereupon re-employed shall continue in service and hold their respective position during good behavior and efficient and competent service and shall not be discharged or demoted except for cause after a hearing.

Subd. 5 requires that the notice of charges be in writing and signed by the person making them, and requires ten days' written notice of the time and place of the hearing. Subd. 4 outlines the five grounds for discharge or demotion. One of the grounds is "discontinuance of position or lack of pupils."

Appellant admits that there was no hearing prior to the demotions of the respondents and admits that all respondents are "tenured teachers." However, appellant claims that no notice or hearing was required because respondents were not tenured as to their positions as principals.

■ This argument is not supported by the statute. The Teacher Tenure Act prescribes one period of probation of three years for all teachers. It does not require any new probationary periods for new "positions" that may be taken by a teacher, whether administrative or otherwise. As noted above, after tenure, notice and hearing are required before demotion or discharge. Since respondents are tenured teachers, the district violated § 125.17 by demoting without notice and hearing.

Therefore, the trial court properly concluded that the school district violated the respondents' procedural rights under the statute.

■ 2. Appellants argue that the trial court erred by applying the Supreme Court's decision in *McManus v. Independent School District No. 625*, 321 N.W.2d 891 (Minn.1982). The facts in *McManus* are similar to those in the present case. McManus had been a teacher for over 20 years but a principal for about five. Following a decline in school enrollment, the school district decided to demote McManus from principal to assistant principal. In doing so, the board followed its own written policy which demoted principals in the inverse order of their employment as principals. Basing their decision on the rationale of an earlier case, *Berland v. Special School District No. 1, et al.*, 314 N.W.2d 809 (Minn.1981), the court held that subd. 11, § 125.17, requires seniority of a principal to be determined from the date of employment in the school district.

Appellants argue that *McManus* does not apply to this case, since McManus had worked for five years as a principal and was a "tenured" principal. As stated above, two periods of tenure are not required, hence this argument fails.

■ Appellant also argues that the trial court's application of *McManus* was improperly retroactive since it was decided after the demotions were announced. The general rule is that a decision is to be given retroactive effect, absent special circumstances or specific pronouncements by the overruling court that its decision is to be applied prospectively only. *Hoff v. Kempton*, 317 N.W.2d 361, 363 (Minn.1982) (cites omitted). Therefore, the trial court properly applied *McManus*, and the decision should be affirmed.

*See also, Duluth Federation of Teachers, Local 692 v. Independent School District No. 709*, 361 N.W.2d 834 (Minn.1985) (Senior Administrator allowed to "bump" less senior teacher under Minn.Stat. § 125.-17, subd. 11 (1984)); *Strand v. Special School District No. 1*, 361 N.W.2d 69 (Minn.Ct.App.1984), *pet. for rev. granted*, (Minn. Apr. 11, 1985) (School board must reasonably realign positions to preserve teacher seniority).

3. Did the demotions without hearings violate 42 U.S.C. § 1983, thereby justifying an award of attorney fees under 42 U.S.C. § 1988? The trial court said that tenure rights are clearly protected property interests. Appellant argues that respondents had no tenure rights, and therefore no constitutionally-protected property rights, in their promotional positions.

42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute * * * of any State or Territory * * * subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

Constitution and laws shall be liable to the party injured in any action at law, suit in equity or other proper proceedings * * *.

Attorney fees may be granted to successful litigants under 42 U.S.C. § 1988.

■ To determine whether the statute has been violated requires the answer to a two-tier analysis: (1) was the plaintiff deprived of life, liberty or property; and, if so, (2) did the plaintiff receive adequate due process?

■ The U.S. Supreme Court stated in *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), that tenure is a property right protected by due process:

> * * * the Court has held that a public college professor dismissed from an office held under tenure provisions * * * and college professors and staff members dismissed during the terms of their contracts * * * have interests in continued employment that are safeguarded by due process * * * [Due process] also applied to a teacher recently hired without tenure or a formal contract, but nonetheless with a clearly implied promise of continued employment * * *

*Id.* at 576, 92 S.Ct. at 2708 (cites omitted).

In this case, respondents claim their positions as principals constitute property rights and that hearings are required prior to demotion.

■ Property interests do not arise from the U.S. Constitution but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Federal constitutional law, however, "determines whether that interest rises to the level of a 'legitimate claim to entitlement' protected by the Due Process Clause." *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1314 (9th Cir.1984) (cites omitted).

■ Significantly, here the Teacher Tenure Act secures respondents' interest in re-employment and creates a legitimate claim to their positions. *See Roth* 408 U.S. at 578, 92 S.Ct. at 2709. Respondents had tenure rights which rise to the level of an entitlement. Therefore, award of attorney fees under 42 U.S.C. § 1988 was proper.

4. Appellant argues that the attorney fees calculated by the trial court are unreasonable. Respondents' counsel were awarded an enhancement of their $17,522.75 fee to yield a fee award of $21.026.30 plus disbursements, for a total of $21,785.69. The trial court did not file a memo to outline its reasoning for the award.

■ The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended, multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ While the district court has discretion in determining the amount of a fee award, it is important for the court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained. *Id.*

■ To obtain an enhanced fee, the district court's opinion or respondent's briefs should identify record evidence showing the benefit achieved requires an upward adjustment to the fee. *Blum v. Stenson*, — U.S. ——, 104 S.Ct. 1541, 1550, 79 L.Ed.2d 891 (1984). *See Murray v. Weinberger*, 741 F.2d 1423 (D.C.Cir.1984).

■ Here, there are no express findings, nor does the trial court's memo explain why such an adjustment is required. We remand to the trial court for reconsideration of attorneys fees.

### DECISION

We affirm the trial court's decision, but remand to the trial court to reconsider attorneys fees in light of this opinion.

Affirmed in part and remanded.