Roman EVANS, Virginia Peterson, and Mark Thorsell, Relators,

v.

INDEPENDENT SCHOOL DISTRICT NO. 281, Stuart Stockhaus, Respondents.

No. C4–86–1181.

Court of Appeals of Minnesota.

Nov. 25, 1986.

William F. Garber, Peterson, Engberg & Peterson, Minneapolis, for relators.

Frank J. Madden, Frank Madden & Associates, Minneapolis, for Independent School Dist. No. 281.

Dale G. Swanson, Forest Lake, for Stuart Stockhaus.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator classroom teachers were placed on unrequested leave of absence. Subsequently, the school district demoted and reassigned administrative coordinators to classroom teaching positions. Relators challenge those reassignments claiming (1) the coordinators could not bump teachers because the coordinators lacked continuing contract status as classroom instructors and (2) the coordinators' demotion and reassignment did not meet statutory procedural requirements. We affirm.

## FACTS

On February 18, 1986, respondent Independent School District No. 281 through its school board proposed the placement of several classroom teachers, including Mark Thorsell and Virginia Peterson of the social studies department, on unrequested leave of absence (ULA). The school board also proposed the discontinuance of several coordinators' positions, including that of Dr. Stuart Stockhaus, coordinator of social studies and the gifted and talented.

Relator Thorsell did not request a hearing regarding his proposed ULA placement pursuant to Minn.Stat. § 125.12, subd. 4 (1984). On March 17, 1986, Thorsell was deemed to have acquiesced in the proposal and was placed on ULA. Defective notice of that action was mailed to Thorsell on March 18, 1986. On April 3, 1986, respondent mailed corrected notice to Thorsell.

On March 21, 1986, respondent school district's director of personnel services, Katrina Reed, mailed to the executive secretary of the Robbinsdale Federation of

Teachers (RFT), Barry Noack, a letter stating:

> Based upon [Minnesota caselaw, statutes and the RFT's collective bargaining agreement], it is our conclusion that the incumbents in positions of coordinator and related positions requiring licensure whose positions were recently discontinued by the Robbinsdale School Board are entitled pursuant to *Minn.Stat.* § 125.12 to reassignment rights within the teachers' bargaining unit based on date of hire by the District and area of licensure.

On April 2, 1986, respondent school district proposed placement of additional classroom teachers on ULA, including Virginia Peterson and Roman Evans of the social studies department. It is unclear why Peterson was twice proposed for ULA placement. On April 3, 1986, the school board mailed Peterson and Evans notices of their proposed placement. Peterson requested a hearing, but Evans did not.

On April 9, 1986, respondent Stockhaus waived his hearing requested February 25, 1986 and conditionally accepted reassignment to a full-time classroom teaching position. Stockhaus was first employed by the school district on August 9, 1967 and is licensed to teach social studies. Relators are licensed to teach social studies [1] and their seniority dates are as follows: Peterson, August 18, 1969; Thorsell, April 14, 1970; Evans, June 8, 1970. Peterson's ULA hearing was held on May 5 and 8, 1986.

On May 19, 1986, the school board placed relator Evans on ULA. It also demoted the coordinators, including Stockhaus, and reassigned them to full-time classroom teaching positions. Notices were mailed to Evans and Stockhaus on May 20, 1986.

On May 26, 1986, the hearing examiner submitted her findings of fact, conclusions of law and recommendation that relator Peterson be placed on ULA. She concluded:

6. The placement of Virginia Peterson on unrequested leave of absence is proper. There exists no basis on which to challenge this placement. Stuart Stockhaus, a coordinator whose position was discontinued, is entitled to reassignment into Ms. Peterson's teaching position because of Mr. Stockhaus' greater seniority.

7. The coordinators whose positions have been eliminated are not bound by the Robbinsdale Federation of Teachers' bargaining agreement. Minn.Stat. § 125.12, subd. 6b, is the law to be applied to the coordinators. Minn.Stat. § 125.12, subd. 6b, grants the coordinators seniority rights as licensed teachers dating from their first date of hire with the school district. Case law interpreting § 125.12 allows the coordinators to be reassigned to continuing contract teaching positions.

8. District No. 281 did not violate Article VII, § 7–3–7 of the bargaining agreement with the Robbinsdale Federation of Teachers when it allowed the coordinators whose positions had been eliminated to be reassigned to continuing contract teaching positions and granted the coordinators full seniority rights.

\* \* \* \* \* \*

10. The coordinators to be reassigned to teaching positions need not serve a second probation period in those positions. The probationary period served by the coordinators during their initial employment with the district whether as classroom teachers or as coordinators is sufficient to meet the probationary period requirement of Minn.Stat. § 125.12 subd. 3.

On May 28, 1986, the school board adopted in full the facts, conclusions and recommendations of the hearing examiner placing relator Peterson on ULA. On July 22, 1986, respondent school district reinstated Peterson to her classroom teaching

---

**1.** Respondent school district argues relator Evans cannot be reinstated because his teaching license filed with the district has expired, citing the parties' collective bargaining agreement. As Evans argues, any evidence regarding his licensure is outside this record.

position. Her claims as relator are now moot.

On May 29, 1986, Thorsell and Evans petitioned for a writ of certiorari to review the school board's April 2, 1986 decision which proposed placement of Peterson and Evans on ULA (C4–86–922). This court by order dated July 1, 1986 discharged the writ as an improper appeal from an interlocutory decision. That order also stated:

> This order shall not prevent issuance of certiorari to review the district's May 19 decision permitting reassignment of the coordinators to teaching positions.

Peterson and another teacher who was later reinstated petitioned for a writ of certiorari to review the school board's May 28, 1986 decision (C4–86–1021). Those relators stipulated to discharge of that writ on July 14, 1986.

On July 17, 1986, relators petitioned for this writ of certiorari to review both the May 19 and May 28, 1986 school board decisions, the writ issuing that same day.

## ISSUES

1. Is relators' appeal timely?

2. Is relators' appeal proper?

3. Did the school district properly demote and reassign administrators to classroom teaching positions?

## ANALYSIS

1. Respondent school district argues relator Thorsell's claims must be dismissed because his petition for writ of certiorari is untimely. A writ of certiorari must issue within 60 days after relator receives "notice of the proceeding sought to be reviewed thereby." Minn.Stat. § 606.01 (1984); *see In re Pinkney,* 353 N.W.2d 676 (Minn.Ct.App.1984). Respondent asserts this writ issued on July 17, 1986, more than 60 days after Thorsell's notice of placement on ULA on April 3, 1986. *See Roseville Education Association v. Independent School District No. 623,* 391 N.W.2d 846, 849 (Minn.1986) (*Roseville Education II*).

■ Thorsell claims the proceeding he seeks to review is not his April 3 placement on ULA, but the May 19 school board demotion and reassignment of coordinator Stockhaus. He argues his writ is therefore timely as issuing within 60 days of May 19. We find relator Thorsell's petition timely as made within 60 days of the change in circumstances which initiated this challenge.

2. Respondent school district argues relators Evans' and Thorsell's failure to request a hearing regarding their proposed placement on ULA prevents them from now challenging their actual placement. Relators claim their appeal is proper because a change in circumstances affecting their seniority and bumping rights occurred subsequent to their placement on ULA.

The Minnesota Supreme Court in *Roseville Education II* determined the extent of a teacher's acquiescence when not requesting a hearing regarding his proposed ULA placement.

> The teacher concedes if his or her position is eliminated, he or she lacks seniority to bump another teacher and may, therefore, be placed on unrequested leave as proposed. But this acquiescence assumes there has been no change in circumstances after the time for requesting a hearing has expired which changes that teacher's seniority and bumping rights.

391 N.W.2d at 850.

■ The demotion and reassignment of coordinator Stockhaus to a classroom teaching position was an appropriate change in circumstance sufficient to affect relators' seniority. Because Stockhaus was reassigned, one fewer position was actually eliminated relative to the number of classroom teachers placed on ULA. That would have been an unexpected circumstance given the 1985–86 social studies seniority list which did not include Stockhaus.

■ The decision to reassign Stockhaus was a change which occurred subsequent to the expiration of relators' opportunity to request a ULA hearing. Although Stock-

haus' coordinator position was proposed to be discontinued at the February 18 school board meeting, the minutes of that meeting do not reflect an intent to reassign the coordinators to classroom teaching positions. Any indication by personnel director Reed regarding reassignment of coordinators prior to actual demotion and reassignment on May 19 was without proper authority. Only the school board itself may express an intent. Because the school board's May 19 decision was a change in circumstance occurring subsequent to opportunity for hearing, we conclude relators' challenge is proper.

3. Relators claim respondent school district operated under an erroneous theory of law when it allowed certain administrative coordinators whose positions were discontinued to bump classroom teachers. *See Berger v. Independent School District No. 706*, 362 N.W.2d 369, 371 (Minn.Ct.App. 1985) (a school board's decision can be overturned if based on an erroneous theory of law). They insist those coordinators without classroom teaching experience in the district do not have continuing contract teacher status in that category and cannot replace a classroom instructor despite greater seniority within the school district. Relators do not dispute the bumping ability of coordinators who previously taught in the district.

Relators are members of a bargaining unit represented by the RFT which negotiated a collective bargaining agreement with the school district, including a ULA plan pursuant to Minn.Stat. § 125.12, subd. 6a. The relevant provision of that agreement states:

**Change of Status to Administration:** Any licensed teacher in the bargaining unit who takes a position as an administrator, supervisor, or coordinator within District 281 shall accrue teacher bargaining unit seniority at the rate of .5 years for each full year of service to the district as an administrator, supervisor, or coordinator.

No provision attempts to regulate the seniority of administrators who were never members of the bargaining unit.

■ Respondent coordinator Stockhaus is a member of a bargaining unit represented by the Robbinsdale Association of District Administrative Staff (RADAS). The RADAS collective bargaining agreement does not contain a subdivision 6a negotiated plan. Because both the RFT and the RADAS collective bargaining agreements are silent regarding the seniority status of coordinators without district classroom teaching experience, Stockhaus' status as an instructor is to be determined by reference to the statutory provisions of Minn. Stat. § 125.12, subd. 6b and interpretive caselaw.

Teachers who have acquired continuing contract rights shall be placed on unrequested leave of absence in fields in which they are licensed in the inverse order in which they were employed by the school district.

Minn.Stat. § 125.12, subd. 6b(b) (1984). Relevant factors are (1) licensure in the appropriate subject matter and (2) date of employment within the district. Because Stockhaus is licensed to teach social studies and has greater seniority in the district than either relator, the district asserts Stockhaus was appropriately retained. *See McManus v. Independent School District No. 625*, 321 N.W.2d 891, 892 (Minn.1982) (a Minn.Stat. § 125.17 case stating "[u]nder corresponding language in the statute regarding unrequested leave of absence in school districts not in cities of the first class, seniority is clearly determined by date of employment by the school district" and not by years performance in a specific department).

Relators insist upon application of tenure categories in determining whether coordinators have acquired continuing contract rights as classroom teachers. *See Minneapolis Federation of Teachers, Local 59 v. Minneapolis Special School District No. 1*, 270 N.W.2d 773, 777 (Minn.1978) ("The tenure statute recognizes and preserves the distinction between various specific po-

sitions within the teaching profession."). The Minnesota Supreme Court, however, implicitly rejected this theory in *Duluth Federation of Teachers, Local 692 v. Independent School District No. 709*, 361 N.W.2d 834 (Minn.1985).

In *Duluth Federation*, administrators whose positions were discontinued were reassigned to classroom teaching positions. The classroom teachers' collective bargaining agreement limited seniority credit for administrators returning to the classroom more than two years after last teaching. The supreme court held the bargaining agreement could not bind the administrators who were not members of the bargaining unit. Instead the tenure statute was applied to permit the administrators to bump classroom teachers. *Id.* at 837.

Relators attempt to distinguish *Duluth Federation* based on language in its second footnote:

> The parties do not dispute that the administrators, all former classroom teachers in the district, were qualified for teaching positions under section 125.17, subd. 11, as evidenced by licensure from the State of Minnesota. *Berland v. Special School District No. 1*, 314 N.W.2d 809, 812 (Minn.1981).

*Id.* at 835 n. 2. Relators claim *Duluth Federation* is limited to instances where administrators have previously taught in the district. But the involved footnote speaks to qualification as evidenced by licensure. *See Berland v. Special School District No. 1*, 314 N.W.2d 809, 812 (Minn. 1981) ("Only in the event that the terminated teacher is licensed in another area will the seniority of that teacher be compared to the seniority of the teachers in another department.").

■ We conclude the school district did not err in reassigning respondent Stockhaus to a classroom teaching position and allowing him to bump relators. Stockhaus' continuing contract status is districtwide based on his licensure and date of hire. Administrators may bump less senior classroom teachers pursuant to Minn.Stat. § 125.12, subd. 6b(b) regardless of actual classroom teach-

ing experience in the district. *Cf. Roseville Education Association v. Independent School District No. 623*, 353 N.W.2d 691, 693 (Minn.Ct.App.1985) (*Roseville Education I*), *pet. for acc. rev. denied*, (Minn. May 30, 1984) (teachers permitted to bump into administrative dean positions). *See generally* Op.Minn. Atty Gen. No. 172–d (1975), *found in* 8 Minn. Legal Register 52, 56 (1975) (administrator permitted to bump teacher under Minn.Stat. § 125.12). To hold otherwise would be to discourage classroom-licensed personnel from accepting administrative positions. *See McManus*, 321 N.W.2d at 893.

Any problem of administrators moving into or out of a teachers' bargaining unit is one requiring further legislative action. Relators' objectives and interpretations argued here must be adopted by the legislature. The courts cannot do so in view of the present language of Minn.Stat. § 125.-12, subds. 6a and 6b.

■ 4. Relators argue at length Stockhaus was demoted without the due process protection required. However, this argument is for Stockhaus to make and he does not. *See, e.g., Sweeney v. Special School District No. 1*, 368 N.W.2d 288 (Minn.Ct. App.1985) (principals brought action against school district for alleged damages because of demotion without notice or opportunity for a full hearing).

### DECISION

Respondent school district properly permitted coordinator Stockhaus to bump the less senior teachers from their classroom positions.

Affirmed.