**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 292, Appellant,**

v.

**CITY OF ST. CLOUD, and Design Electric, Inc., Respondents.**

Nos. A07–1388, A07–1418.

Supreme Court of Minnesota.

May 7, 2009.

Marshall H. Tanick, Mansfield, Tanick & Cohen, P.A., Minneapolis, for appellant.

Patricia Y. Beety, League of Minnesota Cities, St. Paul, Douglas P. Seaton, Alec J. Beck, Sara G. Sidwell, Seaton, Beck & Peters, P.A., Minneapolis, for respondents.

## OPINION

MAGNUSON, Chief Justice.

Appellant, International Brotherhood of Electrical Workers, Local No. 292 (IBEW), seeks review of a determination by the Minnesota Court of Appeals that certain payroll data provided to respondent City of St. Cloud (the City) by respondent Design Electric, Inc. (Design), is not public data that must be disclosed under the Minnesota Government Data Practices Act (MGDPA), Minn.Stat. § 13.01–.90 (2008). Design seeks review of a determination by the court of appeals that the MGDPA requires that Design release the names and wages of its employees. We reverse the court of appeals on IBEW's petition and affirm the court of appeals on Design's petition on other grounds.

In 2006, the City hired Design to perform electrical work as a subcontractor on the East Saint Germain Utility Project. Under the state prevailing wage law, Minn.Stat. §§ 177.41–.44 (2008), any contract in a state-funded construction project must contain a provision stating that workers for the contractor "may not be paid a lesser rate of wages than the prevailing wage rate in the same or most similar trade or occupation in the area." Minn.

Stat. § 177.43, subd. 1(2). In accordance with Minn.Stat. § 177.43, the City requested that Design furnish payroll records to prove compliance with the prevailing wage requirements. Design provided the records to the City, but marked them "Confidential, Private and Trade Secret Information."

IBEW asked the City for Design's payroll records from the Saint Germain Project three times: on November 21, 2006, December 28, 2006, and February 8, 2007. All three times the City denied IBEW's request because the documents were marked as "confidential" "trade secrets." On February 8, 2007, IBEW brought a lawsuit against the City to compel the release of the documents. On April 24, 2007, Design intervened.

The district court determined that section 13.43 of the MGDPA applied and that it compelled the release of names, wages, and home addresses. However, the district court ordered that any release of the data be stayed until the court of appeals could rule. The court of appeals affirmed in part, holding that section 13.43 made the names and salaries of the employees public. *Int'l Bhd. of Elec. Workers v. City of St. Cloud,* 750 N.W.2d 307, 313 (Minn. App.2008). But the court of appeals reversed the district court on the issue of home addresses, holding that because home addresses were not expressly enumerated as public under the statute, the home addresses could not be released. *Id.* at 315–16. After the court of appeals' ruling, the district court stay was lifted and the City released some of the payroll documents to IBEW. Both IBEW and Design asked us to review the court of appeals' determination; we granted both requests.[1] The City did not seek further

---

1. IBEW also sought review of the district court's attorney fees determination. We de-   clined to review that issue.

review. We affirm the court of appeals in part, and reverse in part.

## I.

When the district court stay was lifted, the City produced the payroll documents to IBEW in accordance with the court of appeals' ruling, redacting home addresses, Social Security numbers, and child support information. Because that information has already been released to IBEW, we need not discuss the issue further.

## II.

Although IBEW received some of the data that it requested, the court of appeals held that employees' home addresses were private data; therefore, the addresses were not released to IBEW. *Int'l Bhd. of Elec. Workers,* 750 N.W.2d at 315–16. IBEW argues that the court of appeals erred in its application of the MGDPA, Minn.Stat. §§ 13.01–.90 (2008), when it concluded that IBEW was not entitled to receive the employees' home addresses. We review questions of statutory interpretation de novo. *In re GlaxoSmithKline plc,* 732 N.W.2d 257, 264 (Minn.2007).

The MGDPA "regulates the collection, creation, storage, maintenance, dissemination, and access to government data in government entities." Minn.Stat. § 13.01, subd. 3. The MGDPA presumes that all government information is public "unless there is a federal law, a state statute, or a temporary classification of data that provides that certain data are not public." *Id.* The purpose of the MGDPA is to balance the rights of data subjects from having information indiscriminately disclosed with the right of the public to know what the government is doing. *Demers v. City of Minneapolis,* 468 N.W.2d 71, 72 (Minn.1991).

The MGDPA categorizes most government data as either "data on individuals" or "data not on individuals." Minn.Stat. § 13.02, subds. 4, 5. An "individual" under the MGDPA is "a natural person." Minn. Stat. § 13.02, subd. 8. It is undisputed that because IBEW seeks data on the employees of Design—natural people— that the data at issue here is "data on individuals."

After the initial classification as either data on individuals or not on individuals, the data is categorized as either public, private, or confidential. *See Wiegel v. City of St. Paul,* 639 N.W.2d 378, 382 (Minn. 2002). Generally, "public data on individuals," is "data which is accessible to the public." Minn.Stat. § 13.02, subd. 15. Private data is data which is made not public by statute or federal law, but is accessible to the subject of the data. Minn.Stat. § 13.02, subd. 12. Confidential data is data "made not public by statute or federal law applicable to the data and is not accessible to the individual subject of that data." Minn.Stat. § 13.02, subd. 3. All data is presumed to be public unless it is classified as private or confidential. Minn.Stat. § 13.03, subd. 1.

Public data is accessible by any person. Minn.Stat. § 13.03, subd. 3. A person is "any individual, partnership, corporation, association, business trust, or a legal representative of an organization." Minn. Stat. § 13.02, subd. 10. Unless authorized by statute, the government authority may not ask the person requesting the information for the purpose of their request or for identification. Minn.Stat. § 13.05, subd. 12.

The court of appeals held that payroll data should be classified as public personnel data under the MGDPA. *IBEW,* 750 N.W.2d at 310. Minnesota Statutes § 13.43 regulates access to "personnel data." Subdivision 1 defines "per-

sonnel data" as "data on individuals collected because the individual ... acts as an independent contractor with a government entity." Subdivision 2 contains a list of public data on those individuals, including names and salaries. Subdivision 4 states that "[a]ll other personnel data is private data on individuals...."

We disagree with the court of appeals that Minn.Stat. § 13.43 applies to the information requested here. The statutory language defines personnel data as "data on individuals collected because the *individual* ... acts as an independent contractor with a government entity." Minn.Stat. § 13.43, subd. 1 (emphasis added). The term "individual" is defined in Minn.Stat. § 13.02, subd. 8 as a "natural person." The definition of "individual" stands in contrast to the definition of "person," which is defined as any "individual" or "corporation." Minn.Stat. § 13.02, subd. 10.[2] Design is a corporation, not a natural person, and, therefore, is not an "individual." And, although Design's employees are natural people, those employees are not acting as independent contractors. Rather, they are acting as employees of Design.

If the legislature had intended to include employees of independent contractors in section 13.43, it could have defined "personnel data" to include "all data on individuals collected because the State is contracting with the individual's employer." Indeed, the legislature used language that

manifested a similar intent in Minn.Stat. § 13.35, where it stated:

> To the extent that a federal agency requires it as a condition for contracting with a government entity, all government data collected and maintained by the government entity because that agency contracts with the federal agency are classified as either private or nonpublic depending on whether the data are data on individuals or data not on individuals.

The legislature clearly stated that all data on individuals collected because a State entity contracts with a federal agency is private. Here, the legislature chose not to apply the same broad language to data on individuals collected because their employer contracts with a State agency. We do not judge the wisdom of that choice; rather, we follow the terms of the statute.

Because we hold that Minn.Stat. § 13.43 does not cover the data at issue here, the general presumption in the MGDPA that all government data is public unless otherwise classified as private applies. Minn. Stat. § 13.03, subd. 1. The home addresses sought by IBEW should, therefore, be released as well as any additional payroll data that is not protected by another provision of the MGDPA. *See, e.g.,* Minn. Stat. § 13.355 (providing that Social Security numbers are private data).[3]

Respondents argue that the holding in this case is absurd because an independent

---

**2.** The distinction in the MGDPA reflects the distinction in case law between natural people and corporations. *See, e.g., Janssen v. Best & Flanagan,* 662 N.W.2d 876, 887 (Minn. 2003) (holding that "a corporation is deemed to possess all the powers of a natural person except those powers which are specifically forbidden to such corporations by the law" and that a corporation is seen by the law as "an artificial person"); *State v. Richards,* 552 N.W.2d 197, 204 (Minn.1996) (stating that Fourth Amendment protection is individual

"regardless of whether the one protected is a natural person or a legal fiction, such as a corporation.")

**3.** Because we hold that Minn.Stat. § 13.43 does not apply to the personnel data at issue here, we do not need to determine whether Minn.Stat. § 13.43, subd. 6, bars labor organizations from receiving personnel data under that section or whether home addresses are private data under that section.

contractor working directly with the State would have his or her data classified as private by the MGDPA, even if that contractor was doing the exact same work as Design's employees here. Respondents contend that such absurdity could not have been intended by the legislature. Minn. Stat. § 645.17 (2008) (providing that the legislature does not intend absurdity). But we may not disregard the clear and unambiguous language of the statute. Minn.Stat. § 645.16 (2008). The MGDPA clearly defines "individual" as a "natural person," Minn.Stat. § 13.02, subd. 8, and Design is not a natural person.

Although the result here—that an individual employed by a private company is entitled to less data protection than an individual employed by the State—seems anomalous, that is how the legislature wrote the statute. It is the duty of this court to apply the law as written by the legislature.

Affirmed in part and reversed in part.

DIETZEN, J., took no part in the consideration or decision of this matter.