**KSTP–TV, et al., Respondents,**

v.

**RAMSEY COUNTY, Appellant.**

No. A10–395.

Court of Appeals of Minnesota.

Aug. 10, 2010.

Mark R. Anfinson, Minneapolis, MN, for respondents.

Susan Gaertner, Ramsey County Attorney, Kevin M. Lindsey, Assistant County Attorney, St. Paul, MN, for appellant.

Considered and decided by
CONNOLLY, Presiding Judge;
STONEBURNER, Judge; and
SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant challenges the district court's grant of summary judgment to respondents, arguing that the district court erred by ruling that rejected and unopened absentee ballots in appellant's possession are public data which may be inspected and copied by the public. We conclude that the rejected absentee ballots are nonpublic or private data and reverse the district court's grant of summary judgment to respondents.

## FACTS

This appeal concerns absentee ballots that were rejected in the 2008 election for the office of United States Senator for Minnesota (the election or the Coleman–Franken election).

Three recent supreme court decisions set the stage for the instant action. In *Coleman v. Ritchie,* issued while an administrative recount of ballots was ongoing, the supreme court enjoined election officials [1] from opening previously rejected absentee ballot envelopes and from including previously rejected absentee ballots in the recount, except for those that election officials and the candidates could agree were rejected in error. 758 N.W.2d 306, 308 (Minn.2008) (*Coleman I* ). *Coleman I* was issued with opinion to follow. *Id.* at 309. The opinion followed in *Coleman v. Ritchie,* 762 N.W.2d 218 (Minn.2009) (*Coleman II* ). In *Coleman II,* before explaining the *Coleman I* ruling, the supreme court reviewed the absentee-voting process. 762 N.W.2d at 220–31. In the absentee-voting process, a voter marks an absentee ballot, places it inside a ballot envelope, and then places the ballot envelope inside a return envelope that contains information including the voter's name and address. *Id.* at 220. If return envelopes do not meet certain criteria, they are marked as rejected and returned to the county auditor. *Id.* at 221.

In the Coleman–Franken election, during the manual recount of ballots, the rejected absentee ballots were not opened, except by agreement of the parties and election officials. *See id.* at 223, 233 (ordering this procedure). After the manual recount, the State Canvassing Board certified that Franken received more votes than Coleman, and Coleman and others initiated an election contest, which was tried before three judges appointed by the supreme court. *Sheehan v. Franken (In*

---

1. The persons and entities enjoined were local election officials, county canvassing boards, the Secretary of State, and the Minnesota State Canvassing Board.

*re Contest of Gen. Election Held on Nov. 4, 2008, for the Purpose of Electing a U.S. Senator from the State of Minn.)*, 767 N.W.2d 453, 457 (Minn.2009). The three-judge trial court concluded that Franken received more votes and was entitled to the certificate of election, and the supreme court affirmed. *Id.* at 456. After *Sheehan*, Franken was sworn in as Senator.

The present suit was commenced in August 2009 by respondent-TV stations [2] (the stations), seeking access to rejected absentee ballots in the possession of appellant Ramsey County. Ramsey County sought summary judgment. The stations relied on the Minnesota Government Data Practices Act (the MGDPA or the act) and argued that the rejected absentee ballots are public data under the act. The stations argued for summary judgment in their favor on the basis that the absentee ballots are public and that the return envelopes are private. The stations further argued that to comply with the MGDPA, the county had to separate public information from private, by opening the rejected return envelopes and removing the ballots, and allow the stations to inspect and copy the ballots. The stations emphasized that they sought to inspect and copy only the ballots.

The district court granted much of the relief requested by the stations. The court declared that all rejected and unopened absentee ballots possessed by Ramsey County are "public data that may be viewed and copied by the [stations] subject to the voter's right of privacy." The court ordered Ramsey County "to take all steps necessary, including redaction, to assure that the privacy of the voter and the sanctity of the ballot is maintained." This appeal follows.

## ISSUE

Are rejected absentee ballots public data under the MGDPA?

## ANALYSIS

■ Ramsey County presents several arguments for relief, but we need only address the classification of rejected absentee ballots under the MGDPA to resolve this appeal.

■ "The MGDPA 'regulates the collection, creation, storage, maintenance, dissemination, and access to government data in government entities.'" *Int'l Bhd. of Elec. Workers, Local No. 292 v. City of St. Cloud*, 765 N.W.2d 64, 66 (Minn.2009) (quoting Minn.Stat. § 13.01, subd. 3 (2008)). "The purpose of the MGDPA is to balance the rights of data subjects from having information indiscriminately disclosed with the right of the public to know what the government is doing." *Id.* "The act creates a presumption that government data are public and may be accessed by the public unless access is prohibited by law or a temporary classification of the data." *In re GlaxoSmithKline plc*, 732 N.W.2d 257, 263 (Minn.2007) (citing Minn. Stat. § 13.01, subd. 3 (2006)). "'Government data' means all data collected, created, received, maintained or disseminated by any government entity regardless of its physical form, storage media or conditions of use." Minn.Stat. § 13.02, subd. 7 (2008).

The MGDPA gives data certain classifications, and the classifications control the availability of data to the subject of data and to the public. 21 William J. Keppel, *Minnesota Practice* § 4.04.5 (2d ed.2007). "The MGDPA categorizes most government data as either 'data on individuals' or 'data not on individuals.'" *Int'l Bhd.*, 765 N.W.2d at 66 (quoting Minn.Stat. § 13.02,

---

**2.** The stations are KSTP–TV, KSTC–TV, WDIO–TV, KAAL–TV, and KSAX–TV.

subds. 4, 5 (2008)). "An 'individual' under the MGDPA is a 'natural person.'" *Id.* (quoting Minn.Stat. § 13.02, subd. 8 (2008)). Data on individuals are government data in which an "individual is or can be identified as the subject of that data, unless the appearance of the name or other identifying data can be clearly demonstrated to be only incidental to the data and the data are not accessed by the name or other identifying data of any individual." Minn.Stat. § 13.02, subd. 5 (2008).

Data on individuals are classified in one of three ways: public, private, or confidential. Minn.Stat. § 13.02, subds. 3, 12, 15 (2008). Data not on individuals are also classified in one of three ways: public, nonpublic, or protected nonpublic. *Id.,* subds. 9, 13, 14 (2008). Public data are accessible by any person. *Int'l Bhd.,* 765 N.W.2d at 66 (citing Minn.Stat. § 13.03, subd. 3). The general term used in the MGDPA to refer to confidential, private, nonpublic, and protected nonpublic data is "not public data." Minn.Stat. § 13.02, subd. 8a (2008).

Ramsey County does not precisely identify whether the rejected absentee ballots are data on individuals, arguing that the ballots are either private, to the extent that they are data on individuals, or nonpublic, to the extent that they are data not on individuals. The county relies on Minn. Stat. § 13.37, subd. 2 (2008). The stations concede that rejected return envelopes and their contents, taken as a package, are data on individuals and private. But, the stations argue, the ballots taken alone are data not on individuals and therefore public unless classified as nonpublic or protected nonpublic by statute or federal law.

We need not decide whether the ballots are data on individuals because the effect of either classification is essentially the same in this case: the data are not public if the data are made nonpublic or private

under section 13.37, subdivision 2. That subdivision provides:

> The following government data is classified as nonpublic data with regard to data not on individuals, pursuant to section 13.02, subdivision 9, and as private data with regard to data on individuals, pursuant to section 13.02, subdivision 12: *sealed absentee ballots prior to opening by an election judge;* sealed bids, including the number of bids received, prior to the opening of the bids; parking space leasing data; and labor relations information, provided that specific labor relations information which relates to a specific labor organization is classified as protected nonpublic data pursuant to section 13.02, subdivision 13.

Minn.Stat. § 13.37, subd. 2 (emphasis added). The district court ruled that the absentee-ballot provision of section 13.37 "only provide[s] for the handling of absentee ballots while the election process, including any recount or legal challenge, is under way."

■ Appellate courts review interpretations of statutes de novo. *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010). The goal in interpreting statutes is to ascertain and effectuate the intention of the legislature. *Id.* (citing Minn.Stat. § 645.16 (2008)). "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Id.* "If a statute is ambiguous, we apply other canons of construction to discern the legislature's intent." *Id.* A statute is ambiguous if the language is susceptible to more than one reasonable meaning. *Brayton v. Pawlenty,* 781 N.W.2d 357, 363 (Minn.2010).

We conclude that section 13.37, subdivision 2, unambiguously classifies sealed absentee ballots as nonpublic or private data. The plain language provides that when absentee ballots are sealed and have not

been opened by an election judge, they are nonpublic or private. The rejected absentee ballots in possession of Ramsey County are indisputably sealed and have not been opened by an election judge. Under the unambiguous language of section 13.37, subdivision 2, the absentee ballots therefore are either nonpublic or private.

We conclude that the district court erred by determining that section 13.37, subdivision 2, does "not address the status of the rejected absentee ballots after the election process has ended." The statute contains no time limitation of its application, and even if we agreed that a time limitation on the classification would be appropriate or consistent with the purpose of the data classification provided in the statute, courts cannot "supply what the legislature purposely omits or inadvertently overlooks." *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994). Particularly when the purpose at issue is one the legislature left unexpressed, we will not disregard the plain language of an unambiguous statute on the justification that a contrary result is more consistent with a statute's purpose. *See* Minn.Stat. § 645.16 (2008) (providing that when the words of a law are free from ambiguity, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

## DECISION

Minnesota Statutes section 13.37, subdivision 2, unambiguously provides that sealed absentee ballots are nonpublic or private data until opened by an election judge. Because the rejected absentee ballots in possession of Ramsey County remain sealed and have not been opened by an election judge, the rejected absentee ballots are nonpublic or private data. The district court therefore erred by ruling that the rejected absentee ballots are public data, and we reverse.

**Reversed.**